UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-10009-CR-MARTINEZ

UNITED STATES OF AMERICA,

v.

HARLEM SUAREZ,

Defendant.
_____/

## ORDER

**THIS MATTER** comes before the Court on Defendant Harlem Suarez's *pro se* Motion for Sentence Reduction Pursuant to Amendment 814 § 1B1.13(B)(6), [ECF No. 217]. After careful consideration, the Court **DENIES** the Motion.

On February 1, 2017, a jury found Defendant guilty of attempting to use a weapon of mass destruction in violation of 18 U.S.C. § 2332a(a)(2) and attempting to provide material support to a foreign terrorist organization in violation of 18 U.S.C. § 2339B(a)(1). (Jury Verdict [ECF No. 151]; *see also* Indictment [ECF No. 13]). On April 19, 2017, this Court sentenced him to a guideline range sentence of life imprisonment. (*See* Judgment [ECF No. 171] 2).

Defendant now argues that he is entitled to a sentence reduction because he has been in custody for more than ten years and an intervening change in law has produced a disparity between the sentence he is serving and the sentence likely to be imposed if he were to be sentenced today. (*See* Mot. 1–2).

A district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." *United States v. Kallen-Zury*, No. 20-14732, 2021 WL 3044266, at *2 (11th Cir. July 20, 2021) (quoting *United States v. Puentes*, 803 F.3d 597, 605–06 (11th Cir. 2015)). Title 18, United States Code, Section 3582(c)(1)(A) provides the Court with

discretion to modify a defendant's sentence after he has exhausted his administrative remedies within the Bureau of Prisons. If a defendant has exhausted his administrative remedies, the Court may reduce a sentence if it finds "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). A defendant bears the burden of establishing entitlement to compassionate release. *See United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

Extraordinary and compelling circumstances can be summarized as (1) serious medical condition of the defendant; (2) the defendant's advanced age; (3) caregiver needs; (4) sexual or physical abuse caused by prison staff; (5) other reasons similar in gravity to these circumstances; and (6) the defendant's service of an "unusually long sentence" if the defendant has served at least ten years of the term of imprisonment. *See* U.S.S.G. § 1B1.13(b).

Defendant's Motion fails for several reasons. First, Defendant fails to explain whether he exhausted his administrative remedies with the Bureau of Prisons, as required. (*See* Mot.); *see also Tinker*, 14 F.4th at 1237. This alone is reason enough to deny Defendant's Motion. His Motion, however, also fails on the merits. Defendant has not yet served ten years of his term of imprisonment, as he was sentenced on April 19, 2017, and thus, he does not establish an extraordinary and compelling reason to reduce his sentence. (*See* Judgment). Further, although Defendant argues that there is an intervening change in law that created a sentencing disparity, he fails to identify any specific changes in law that would apply to his sentence. (*See* Mot.). Even if Defendant had served ten years of his prison sentence or even if there were an intervening change in law, the § 3553(a) sentencing factors weigh against his release, and he is a danger to the

CASE NO. 15-10009-CR-MARTINEZ

community. Defendant fails to argue otherwise.

Accordingly, Defendant Harlem Suarez's *pro se* Motion for Sentence Reduction Pursuant to Amendment 814 § 1B1.13(B)(6) **[ECF No. 217]** is **DENIED**.

**DONE AND ORDERED** at Miami, Florida, this __1__ day of July 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc:    all counsel of record
       Harlem Suarez, *pro se*

3